PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
JEFFREY A. WARE (CSB No. 271603)
jware@fenwick.com
HAILEY TETON (CSB No. 294262)
hteton@fenwick.com
STEFAN J. SZPAJDA (CSB No. 282322)
sszpajda@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Defendants
RAPT TOUCH IRELAND LTD and
RAPT TOUCH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SMART TECHNOLOGIES ULC,

Plaintiff,

v.

RAPT TOUCH IRELAND LTD and RAPT TOUCH, INC.,

Defendants.

Case No.: 3:16-cv-03531-VC

**DEFENDANTS RAPT TOUCH IRELAND LTD AND RAPT TOUCH, INC.'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

Courtroom: 4, 17th Floor
Judge: Hon. Vince Chhabria
Trial Date: TBA
Date Action Filed: June 23, 2016

**REDACTED VERSION SOUGHT TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

A. Parties and RAPT's Technology .......... 2

B. SMART's Financial Conditions and Decision to Sell Company .......... 2

C. RAPT's Business Relationship with SMART .......... 3

D. [redacted] .......... 4

E. [redacted] .......... 4

F. [redacted] .......... 5

G. [redacted] .......... 5

III. ARGUMENT .......... 6

A. SMART Cannot Meet Its Burden Under the Legal Standard Justifying its Demand for Extraordinary Relief .......... 6

B. Emergency Relief Should Be Denied Because SMART Is Not Likely to Prevail on the Merits .......... 7

1. SMART's Claims Are Subject to Mandatory Arbitration. .......... 7

2. [redacted] .......... 7

3. [redacted] .......... 8

4. [redacted] .......... 10

5. [redacted] .......... 12

C. SMART Cannot Establish "Irreparable Harm" .......... 13

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**TABLE OF CONTENTS**
**(Contin.)**

**Page**

1. Contract claims rarely qualify for injunctive relief because legal remedies are usually adequate.......... 13
2. SMART's lack of diligence also weighs in favor of denying extraordinary relief.......... 14

D. Balance of Hardship Swings Heavily Against RAPT.......... 15

E. No Public Interest Facts to Consider.......... 15

V. CONCLUSION.......... 15

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001 (E.D. Cal. 2011)....10

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011)....6

*Burgess v. Forbes*, No. C 09-629, 2009 U.S. Dist. LEXIS 16127 (N.D. Cal. Feb. 19, 2009)....6

*Cardiovascular Biotherapeutics, Inc. v. Jacobs*, No. 2:14-CV-1965, 2015 WL 713181 (D. Nev. Feb. 19, 2015)....7

*CFG Private Equity, LLC v. Ultraseal Int'l, Inc.*, No. C12-5651, 2012 WL 3879533 (W.D. Wash. Sept. 6, 2012)....8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000)....7

*Delphon Indus., LLC v. Int'l Test Solutions Inc.*, No. 11-CV-1338, 2011 U.S. Dist. LEXIS 119588 (N.D. Cal. Oct. 17, 2011)....13

*Gatsinaris v. ART Corp. Solutions Inc.*, 2015 WL 3453454 (C.D. Cal. May 29, 2015)....15

*Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466 (9th Cir. 1984)....13

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239 (9th Cir. 2013)....13

*Int'l Medcom, Inc. v. S.E. Int'l, Inc.*, No. 15-CV-03839, 2015 WL 7753267 (N.D. Cal. Decl. 2, 2015)....13

*Make-a-Friend, Inc. v. Bear Mill, Inc.*, No. 2:07-CV-00276, 2007 WL 3119687 (D. Idaho Oct. 23, 2007)....8

*Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374 (9th Cir. 1985)....14

*Telephia Inc. v. Cuppy*, No. C 04-03508, 2005 WL 588441 (N.D. Cal. Mar. 11, 2005)....13, 14

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)....6, 15

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## I. INTRODUCTION

This is a commercial dispute brewing for over a year between two foreign corporations in the process of [REDACTED] As confirmed by SMART Technologies ULC's ("SMART") complaint, demand for arbitration, and *ex parte* application seeking emergency relief, the core legal claims relate to (a) contractual performance, and (b) [REDACTED]. Neither is appropriate for *ex parte* injunctive relief, particularly when the merits are hotly contested, relief has not been timely pursued, legal remedies are adequate, and the contract claims are clearly arbitrable.

While SMART has attempted to invoke an exception to the arbitration clause by asserting conclusory allegations regarding use of confidential and trade secret information, there is not a single piece of documentary evidence or competent testimony to identify, let alone establish, the alleged misappropriation. SMART's three broad categories—[REDACTED] are nothing more than bare legal conclusions, insufficient to pass a pleadings challenge, let alone to meet SMART's burden.

In truth, there are no exigent circumstances here, other than SMART's dire financial condition, which is not a basis for granting emergency injunctive relief. SMART's public filings reveal that for years it has been a financially troubled, ailing company. [REDACTED] SMART's last ditch effort to save the company is an acquisition by a Taiwanese manufacturer, Foxconn Technology. There is an upcoming shareholders' vote scheduled for July 22, 2016, and this lawsuit appears timed and propelled by SMART's impending acquisition. The fact that SMART is anxious to get its acquisition approved does not justify circumventing the parties' contract, [REDACTED]

SMART has not been candid with the Court. Not only does it neglect to mention the pending acquisition or its serious financial problems, this is not a "status quo" injunction, [REDACTED]

SMART is not facing irreparable harm from its untimely claims, and cannot demonstrate a likelihood of success on the merits. Accordingly, the Court should deny SMART's *ex parte* application.

## II. FACTUAL BACKGROUND

### A. Parties and RAPT's Technology

RAPT is the leading provider of alternative multi-touch systems for Global Consumer OEMs and Systems Integrators. Giblin Decl. ¶ 1. Using Frustrated Total Internal Reflection ("FTIR") technology, RAPT designs touch screens with unique functionality for emerging multi-touch technology. *See id.* ¶¶ 3-4. SMART calls itself a "global leader in interactive touch technologies." Morrison Decl. at ¶ 2.

### B. SMART's Financial Conditions and Decision to Sell Company

SMART's public filings show a company in dire financial straits. Plagued by declining revenues for the past five years—down from $790 million in fiscal 2011 to $348 million in fiscal 2016—SMART reported a net loss of $61 million in fiscal 2016. *See* Premo Decl., Ex. 15. SMART has warned its investors of liquidity problems, and of an ongoing threat to scheduled payments on its "substantial" debt. *See id.*. In response to these challenges, in October 2015, SMART put itself on the market for acquisition, *see* Premo Decl. Ex. 9,

[redacted] The timing and content of SMART's lawsult suggest that not only are driving these legal proceedings by SMART's need to close the acquisition, [redacted].

### C. RAPT's Business Relationship with SMART

[redacted]

[redacted]

[redacted]

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

DEFS.' OPP. TO *EX PARTE* APPL. FOR TRO 3 CASE NO.: 3:16-CV-03531-VC

[Page content redacted]



1 ██████████████████████████████████████████████████████
2 ██████████████████████████████████████████████
3 ██████████████████████████████████████████████████
4 ██████████████████████████████████████████████████████
5 ██████████████████████████████████████████████████████
6 ██████████████████████████████████████████████████████
7     ████████████████████████████████████████████
8 ██████████████████████████████████████████████████████
9 ██████████████████████████████████████████████████████
10 ██████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████
12 ████████████████████████████████████████
13 ██████████████████████████████████████████████████████
14 ████████████████████████████

### III. ARGUMENT

#### A. SMART Cannot Meet Its Burden Under the Legal Standard Justifying its Demand for Extraordinary Relief

Even if this matter were properly before the Court, SMART's *ex parte* application should be denied because SMART cannot satisfy its burden to justify a temporary restraining order. The standard for issuance of a temporary restraining order is the same as the high burden for a preliminary injunction. *See Burgess v. Forbes*, No. C 09-629, 2009 U.S. Dist. LEXIS 16127, *4 (N.D. Cal. Feb. 19, 2009). A preliminary injunction is "an extraordinary remedy" that may only be awarded upon a "clear showing" that the plaintiff is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The moving party must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm; (3) that the balance of equities tips in the moving party's favor; and (4) that public interest favors injunction. *Id*. at 20. The moving party has the burden on all four. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**B.     Emergency Relief Should Be Denied Because SMART Is Not Likely to Prevail on the Merits**

  **1.     SMART's Claims Are Subject to Mandatory Arbitration.**

The core issues in dispute are over (a) contract performance, and (b) ███████████████████████████████. These are pure questions of contract law and are subject to the parties' carefully negotiated arbitration provisions. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ It is well settled that courts must compel arbitration when the parties agreed to arbitrate and the scope of that agreement encompasses the claims at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Cardiovascular Biotherapeutics, Inc. v. Jacobs*, No. 2:14-CV-1965, 2015 WL 713181, at *3 (D. Nev. Feb. 19, 2015) (compelling arbitration after applying mandatory arbitration provision with similar exception for injunctive relief). Here, SMART concedes the parties agreed to arbitrate; it even filed a demand for arbitration. Premo Decl. ¶ 33. Courts hold that "any dispute . . . relating to" language is "broad and far reaching" and as such, SMART's claims are arbitrable. *Chiron Corp.*, 207 F.3d at 1131.

[remainder of page redacted]

[redacted] Even if injunctive relief were permitted here, SMART's allegations also do not state a breach of contract showing a likelihood of success on the merits. [redacted]

**3.** [redacted]

SMART also fails to meet its burden to show it is likely to prevail on the merits with respect to [redacted]. *See, e.g., CFG Private Equity, LLC v. Ultraseal Int'l, Inc.*, No. C12-5651, 2012 WL 3879533, at *2 (W.D. Wash. Sept. 6, 2012) (denying preliminary injunction requesting the court enjoin defendant's termination of agreement, finding plaintiff's interpretation of termination provision was not reasonable); *Make-a-Friend, Inc. v. Bear Mill, Inc.*, No. 2:07-CV-00276, 2007 WL 3119687, at *4 (D. Idaho Oct. 23, 2007) (denying injunction where moving party did not show termination was wrongful).

[redacted]

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

[REDACTED]. SMART has offered no such evidence. *See* Giblin Decl. ¶ 12, 24.

**4. SMART's Failure of Proof with Respect to Its Claims for Breach of Confidential Information and Trade Secrets Misappropriation Further Supports Denial of SMART's *Ex Parte* Application.**

SMART's last remaining contract claim for breach of confidential information and its claim for trade secret misappropriation are also without merit. They rest entirely on incorrect and factually bare legal conclusions. RAPT has not misused any SMART confidential information or trade secrets information. *See id.* ¶¶ 25-26; Etter Decl. ¶¶ 12-34. SMART's argument [REDACTED] is incorrect and based on pure speculation, not competent evidence. *See* Mot. at 15-16.

SMART generally points to three categories of "confidential" information purportedly disclosed: [REDACTED] But SMART's *ex parte* application attaches no evidence showing trade secret or confidential information furnished to RAPT during this time and none is cited or included in SMART's moving papers. *See* Etter Decl. ¶¶ 12-34. [REDACTED] *See* Parikh Decl., Ex. 5 at §§ 7.4, 9.3. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (party seeking preliminary injunction must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade").

[REDACTED]

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

SMART's allegations of misuse of its confidential and proprietary information are, at best, completely unsupported and in some cases directly contradicted by evidence. The Court should not credit SMART's transparent attempt to dodge mandatory arbitration.

.

**C. SMART Cannot Establish "Irreparable Harm"**

Courts have consistently held that a showing of likely irreparable harm is "the single most important" factor for a preliminary injunction." *Delphon Indus., LLC v. Int'l Test Solutions Inc.*, No. 11-CV-1338, 2011 U.S. Dist. LEXIS 119588, *9 (N.D. Cal. Oct. 17, 2011). Ordinary economic injuries that may be remedied by damages are not irreparable. *Delphon*, 2011 U.S. Dist. LEXIS 119588 *10. Although SMART argues it lost business opportunities and damage to goodwill may support finding of irreparable harm, *see* Mot. at 18, the party seeking relief must support claimed harms; speculation is insufficient. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250-51 (9th Cir. 2013) (rejecting speculative claims of irreparable harm; "Those seeking injunctive relief must proffer ***evidence*** sufficient to establish a likelihood of irreparable harm.") (emphasis added); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) (reversing preliminary injunction and rejecting speculative claims of loss of customers and goodwill as insufficient to demonstrate irreparable harm).

**1. Contract claims rarely qualify for injunctive relief because legal remedies are usually adequate.**

The extraordinary remedy of a temporary restraining order is inappropriate here because even if SMART's allegations had any merit, which they do not, money damages are readily ascertainable and do not constitute irreparable harm. *See Int'l Medcom, Inc. v. S.E. Int'l, Inc.*, No. 15-CV-03839, 2015 WL 7753267, at *5 (N.D. Cal. Decl. 2, 2015) (finding that "financial injury will not constitute irreparable harm if adequate compensatory relief will be available," denying injunction because "preliminary injunctions are rarely issued for breach of contract claims") (internal quotations and citations omitted); *Telephia Inc. v. Cuppy*, No. C 04-03508, 2005 WL 588441, at *3 (N.D. Cal. Mar. 11, 2005) (denying injunction, holding "a claim for breach of contract can be compensated by money damages").

SMART's argument that [REDACTED] is simply not credible. Mot. at 14. Such reasoning flies in the face of [REDACTED]

[redacted] They are an impermissible pretext to avoid arbitration [redacted]

SMART cites no authority that supports its requested relief. Instead, in the teeth of the evidence SMART strains to bring its argument within *Netlist Inc. v. Diablo Techs. Inc.*'s holding. *See* No. 13-CV-05962, 2015 WL 153724, at *8 (N.D. Cal. Jan. 12, 2015). In *Netlist*, there was no attempt to terminate the agreement, defendants conceded that they used plaintiff's technology to develop a competing chip, and defendants were in fact competing with plaintiff. *Id.* at *17. [redacted], and SMART cannot credibly insist *Netlist* compels the Court to grant SMART's requested relief.

**2. SMART's lack of diligence also weighs in favor of denying extraordinary relief.**

Even if SMART's allegations regarding its confidential and proprietary information were not an impermissible pretext devised to avoid arbitration, SMART cannot show exigent circumstances warranting a temporary restraining order. SMART sat on its rights [redacted] SMART's months long silence is fatal to its claim of irreparable harm, and any alleged harm SMART faces from its persistence inaction is entirely of its own making. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."). The parties' dispute is over money, not confidential information or trade secrets, [REDACTED] [REDACTED]. *See* Parikh Decl., Ex. 5 at §§7.4, 9.3. For these reasons alone, this dispute is not properly before the Court and SMART cannot show irreparable harm if the Court declines to enter a temporary restraining order. Because this dispute is subject to arbitration and SMART cannot show irreparable harm, the Court should deny SMART's *ex parte* application.

**D. Balance of Hardship Swings Heavily Against RAPT**

Courts considering a preliminary injunction must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (internal quotation marks omitted). Here, RAPT would suffer substantial harm if the Court were to grant SMART's *ex parte* application. SMART's requested relief is extremely broad and vaguely worded, [REDACTED] [REDACTED] Premo Decl. ¶ 38. SMART, in contrast, does not face any harm. [REDACTED] [REDACTED]

**E. No Public Interest Facts to Consider**

This is a private contract between two foreign corporations. The local court here has no relevant interest in this dispute, which is subject to a pending arbitration. And where the requested injunctive relief would impact only the parties themselves, the public interest is, at most, a neutral factor. *See Gatsinaris v. ART Corp. Solutions Inc.*, 2015 WL 3453454, *9 (C.D. Cal. May 29, 2015).

## IV. <u>CONCLUSION</u>

SMART has failed to meet its burden of proof in showing entitlement to this extraordinary relief. SMART's claims lack any colorable basis, and the timing of SMART's application relative to the [REDACTED] and its own efforts to sell itself raises serious questions about SMART's intent in filing and pursuing this action. Accordingly, SMART's *ex parte* application should be denied in its entirety.

Dated: June 29, 2016

FENWICK & WEST LLP

By: */s/ Patrick E. Premo*
Patrick E. Premo

Attorneys for Defendants
RAPT TOUCH IRELAND LTD and
RAPT TOUCH, INC.